<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

WENDY CHAN,                          )
                                     )
              Plaintiff              )
                                     )
         vs.                         )
                                     )
COUNTY OF LANCASTER;                 )
DENNIS STUCKEY;                      )
SCOTT MARTIN;                        )     Civil Action
CRAIG LEHMAN;                        )     No. 10-cv-03424
CHARLES E. DOUTS, JR.; and           )
ANDREA McCUE,                        )
                                     )
              Defendants             )

                    *    *    *

APPEARANCES:

          NINA B. SHAPIRO, ESQUIRE
               On behalf of Plaintiff

          LINDSEY E. SNAVELY, ESQUIRE
               On behalf of Defendants

                    *    *    *

# **O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

     This matter is before the court on Defendants' Motion
to Dismiss Plaintiff's Second Amended Complaint, which motion was
filed on October 31, 2011.[1]  For the reasons articulated in this

---

[1]    Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint
was filed on October 31, 2011, together with their Brief in Support of
Defendants' Motion to Dismiss Second Amended Complaint("Defendants' Brief").

       Plaintiff's Response in Opposition to Defendants' Motion to
Dismiss in Part Plaintiff's Second Amended Complaint and in the Alternative,
Motion for Leave to File Amended Pleading was filed on November 17, 2011
("Plaintiff's Response"), together with Plaintiff's Memorandum in Support

                                        (<u>Footnote 1 continued</u>):

Opinion, I grant in part and deny in part defendants' motion, and I deny plaintiff's alternative motion for leave to further amend her pleading.

**SUMMARY OF DECISION**

For the reasons expressed below, I grant defendants' motion and dismiss with prejudice plaintiff's section 1983 claim in Count I alleging a procedural due process violation arising from the post-termination name-clearing hearing that was scheduled, but which plaintiff declined to attend. Specifically, I grant defendants' motion and dismiss plaintiff's procedural due process claim because plaintiff has not pled facts sufficient to support a reasonable inference that the post-termination name-clearing hearing was patently inadequate or a sham.

In addition, I grant defendant's motion and dismiss with prejudice plaintiff's section 1983 conspiracy claim in Count I. Specifically, I grant defendants' motion and dismiss plaintiff's section 1983 conspiracy claim because plaintiff has alleged, in a conclusory manner, joint action among the alleged conspirators but has not averred facts sufficient to support a

---

(Continuation of footnote 1):

of Plaintiff's Response in Opposition to Defendants' Third Motion to Dismiss in Part Plaintiff's Second Amended Complaint and in the Alternative, Plaintiff's Motion for Leave to File Amended Pleading ("Plaintiff's Memorandum"), and her [Proposed] Third Amended Complaint.

On November 29, 2011, defendants filed their Response in Opposition to Plaintiff's Motion for Leave to File Amended Pleading ("Defendant's Opposition to Further Amendment").

reasonable inference that defendants reached an agreement or a
meeting of the minds concerning their alleged violations of
plaintiff's rights.

However, I deny defendants' motion to dismiss
plaintiff's disability discrimination claims under the Americans
with Disabilities Act, in Count III, and the Pennsylvania Human
Relations Act, in Count IV. Specifically, I deny defendants'
motion concerning plaintiff's disability discrimination claims
because plaintiff asserted those claims in her Complaint and her
Amended Complaint, but defendants first raised objections to
those claims in their motion to dismiss the Second Amended
Complaint and not in either their two previous motions filed
pursuant to Federal Rules of Civil Procedure 12(b).

Finally, I deny plaintiff's motion for leave to further
amend her pleading. Specifically, I deny plaintiff's request
because plaintiff's [Proposed] Third Amended Complaint does not
provide additional factual averments concerning either the post-
termination name-clearing hearing or plaintiff's section 1983
conspiracy claim. The [Proposed] Third Amended Complaint fails
to remedy the claims which I dismiss by this Opinion and
accompanying Order, and is thus futile.

As a result, the following claims survive defendants'
motion and remain in plaintiff's Second Amended Complaint:

In Count III, plaintiff's claim against defendant County of Lancaster for disability retaliation and associational discrimination in violation of the Americans with Disabilities Act ("ADA").

In Count IV, plaintiff's claim against all defendants for disability retaliation and associational discrimination in violation of the Pennsylvania Human Relations Act ("PHRA").

Additionally, the following claims were not attacked by defendants' motion and, accordingly, remain in plaintiff's Second Amended Complaint:

In Count I, plaintiff's section 1983 equal protection claim against all defendants.

In Count II, plaintiff's claims against defendant County of Lancaster for violations of Title VII based upon theories of disparate treatment, retaliation, and discrimination.

In Count III, plaintiff's claim against defendant County of Lancaster for violation of the Americans with Disabilities Act.

In Count IV, plaintiff's claims against all defendants for violations of the PHRA.

In Count V, plaintiff's claims against the individual defendants for defamation.

In Count VI, plaintiff's claims against the individual defendants for false light/invasion of privacy.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over plaintiff's pendent state-law claims. See 28 U.S.C. § 1367.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in Lancaster County, Pennsylvania, which is located within this judicial district.

## PROCEDURAL HISTORY

Plaintiff initiated this action on July 13, 2010 by filing a six-count Complaint against defendants. Defendants filed a motion to dismiss on November 16, 2010. Pursuant to a stipulation approved by my Order dated January 12, 2011, plaintiff filed a six-count Amended Complaint on February 7, 2011.

### Amended Complaint

Plaintiff's claims in each iteration of her pleading arise from actions allegedly taken by defendants in the context of plaintiff's employment as Director of Human Resources for the County of Lancaster, and concern the circumstances of plaintiff's suspension without pay and eventual termination from her position as Director of Human Resources for Lancaster County.

Count I of the Amended Complaint alleged various deprivations of plaintiff's federal constitutional rights by all defendants in violation of 42 U.S.C. § 1983. Specifically, Count I alleged claims for deprivation of procedural due process, substantive due process, and equal protection in violation of the Fourteenth Amendment; claims for politically motivated wrongful termination and retaliation in violation of the First Amendment; and a claim of conspiracy to violate plaintiff's federal constitutional rights to procedural due process and equal protection of law.

Count II of the Amended Complaint alleged a claim against defendant County of Lancaster for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e)-2000(e)-17.

Count III of the Amended Complaint alleged a claim against defendant County of Lancaster for violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101-12213.

Count IV of the Amended Complaint alleged a claim against all defendants for violations of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, as amended, 43 P.S. §§ 951-963.

Count V of the Amended Complaint alleged a Pennsylvania state-law claim against defendants Stuckey, Martin, Lehman,

Douts, and McCue ("the individual defendants") for defamation.

Finally, Count VI of the Amended Complaint alleged a Pennsylvania state-law claim against the individual defendants for false light invasion of privacy.

### September 23, 2011 Order and Opinion

On February 24, 2011 defendants filed a motion to dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

By Order and accompanying Opinion dated September 23, 2011 and filed September 26, 2011 ("September 23, 2011 Opinion"), I granted in part and denied in part defendants' motion to dismiss the Amended Complaint.

Specifically, I granted defendants' motion to dismiss the claims in Count I against all defendants for violation of procedural due process arising from deprivation of a constitutionally protected property interest, and dismissed this claim with prejudice.

Next, I granted defendants' motion to dismiss the claims in Count I against all defendants for violation of procedural due process arising from deprivation of a liberty interest in reputation, for First Amendment retaliation, and for

conspiracy pursuant to 42 U.S.C. § 1983, without prejudice for plaintiff to file a second amended complaint.[2]

In addition, I granted defendants' motion to dismiss the claim in Count II against defendant County of Lancaster for violation of Title VII of the Civil Rights Act of 1964 ("Title VII") based upon a hostile work environment, without prejudice for plaintiff to file a second amended complaint.

Finally, I granted defendants' motion to dismiss the claims in Count IV against all defendants for violation of the Pennsylvania Human Relations Act ("PHRA") based upon a hostile work environment, without prejudice. In all other respects defendants' motion to dismiss plaintiff's Amended Complaint was denied.

<u>Second Amended Complaint</u>

On October 17, 2011 plaintiff filed a six-count Second Amended Complaint.

On October 31, 2011 defendants' filed their within motion to dismiss the Second Amended Complaint, together with their brief in support.

On November 17, 2011 Ms. Chan filed her reponse and memorandum opposing defendant's motion to dismiss and attached her [Proposed] Third Amended Complaint in support of her

---

[2]     In plaintiff's response to the motion to dismiss amended complaint, she withdrew her section 1983 claims against all defendants for substantive due process and politically-motivated wrongful termination.

alternative motion for leave to further amend her pleading.

On November 29, 2011 defendants then filed their response in opposition to plaintiff's alternative request for leave to further amend her pleading. Hence this opinion.

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) "[does] not require heightened fact pleading of specifics, but only enough facts to

state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[3]

In determining whether a plaintiff's complaint is sufficient, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." <u>Fowler</u>, 578 F.3d at 210 (<u>quoting</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory or bare-bones allegations" will not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a complaint may not be dismissed "merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." <u>Phillips</u>, 515 F.3d at 231. Nonetheless, to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." <u>Id.</u>

---

[3]     The opinion of the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that the plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (<u>quoting</u> <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

As the Supreme Court explained in <u>Iqbal</u>, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotation omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted therein. Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal,556 U.S. at 680, 129 S.Ct. at 1950-1951, 178 L.Ed.2d at 884-885 (internal quotations omitted).

A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and

unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

**FACTS**

Based upon the well-pled averments in plaintiff's Second Amended Complaint, which I must accept as true under the above standard of review, the pertinent facts are as follows.

<u>Parties</u>

Plaintiff, Wendy Chan, is an Asian female born in Taiwan. A naturalized citizen of the United States of America, she is a citizen of Lancaster County, Pennsylvania. On January 5, 2009 plaintiff began working as the Director of Human Resources for defendant County of Lancaster. Ms. Chan was the sole Asian administrator working for Lancaster County and the only Asian administrator in its history. A hard-working, dedicated employee with an exemplary performance record, she was qualified and experienced for her job.[4]

Plaintiff's direct supervisor was defendant Charles Douts, Jr., the County Administrator for Lancaster County. Mr. Douts was directly supervised by the Lancaster County Commissioners: defendant Dennis Stuckey (then Chairman of the Commissioners), defendant Scott Martin (then Vice-Chairman), and defendant Craig Lehman.

---

[4]     Second Amended Complaint, at ¶¶ 6, 13-14, and 17-18.

Defendant Andrea McCue oversaw the support staff for the Lancaster County Commissioners' Office and the County Administrator's Office. The defendant commissioners directly supervised Ms. McCue. Ms. McCue became the Acting Human Resources Director for Lancaster County following the termination of Ms. Chan from her position.[5] The Human Resources Director position was permanently filled by a white male.[6]

### Ms. Chan's Employment

When plaintiff took her position as Director of Human Resources, defendants directed her to address existing deficiencies in the Human Resources Department, which were exposed around September 2008 as a result of an outside audit of the Department.

Specifically, defendants directed plaintiff to reduce bureaucracy and waste, address confidentiality in the department, increase direct response and communication with County employees, address unequal employment conditions, and address discriminatory treatment of employees on the basis of sex, age, disability and race/color. At that time, Lancaster County was also a defendant in pending federal discrimination lawsuits. Plaintiff was directed to respond to and address these issues.[7]

---

[5]     Second Amended Complaint, at ¶¶ 8-12, 14-16.

[6]     Second Amended Complaint, at ¶ 38.

[7]     Second Amended Complaint, at ¶ 21.

Plaintiff reported to defendants discrimination, hostility, and retaliation which she observed. Her efforts as Director of Human Resources included: hiring staff to educate County employees and department heads about discrimination and harassment in the workplace; recommending corrective action against employees who harassed or retaliated against other employees for reporting discrimination; recommending a handle bar in the handicap stall in the public restroom after a disabled employee fell; recommending removing and reassigning the sole female Park Ranger from a "perpetuating hostile work environment"; and instituting policies, which included procedures relative to wage and hour law, the Family Medical Leave Act, discipline and due process.[8]

Apart from her job duties as Director of Human Resources, plaintiff spoke out as a citizen for the public-at-large for handicapped-accessible public restrooms in the County Courthouse. Plaintiff requested that a handle bar and privacy curtain be installed in the handicapped stall of the public restrooms, which was otherwise missing a privacy door.[9]

<u>Challenged Conduct</u>

Plaintiff's efforts were met with resistance and hostility. Defendant Douts instructed the plaintiff to "back off" from her

---

[8]    Second Amended Complaint, at ¶¶ 22-23.

[9]    Second Amended Complaint, at ¶ 25.

efforts to address discrimination and commented to her that she had "lost credibility" for associating with employee "trouble makers" who reported discrimination to the human resources department.

Plaintiff was subjected to derogatory name-calling which mocked her ancestry, race and color. She was commonly referred to as "Chan Dynasty" and "Princess."[10]

Around July 16, 2009, after seven months as Human Resources Director, the defendants falsely accused Ms. Chan of violating the Pennsylvania Ethics Act and suspended her without pay. The alleged ethics violations included a false accusation involving a recently contracted service provider (identified as "Benecon") which had a relationship with one of the defendant commissioners.[11]

Defendants published these false accusations as well as plaintiff's personal, private and confidential personnel matters throughout the County offices without plaintiff's knowledge or consent. Defendants stated that plaintiff was unethical, unprofessional and poorly performed her job.

Recipients of the false accusations included the support staff for the County Administrator's Office and

---

[10]     Second Amended Complaint, at ¶¶ 26-27.

[11]     Second Amended Complaint, at ¶¶ 28-29. The Second Amended Complaint does not specify which of the defendant Commissioners had a relationship with Benecon.

Commissioners' Office, department heads and others in Lancaster County offices, contracted vendors and the Lancaster County community. Plaintiff denied the allegations.[12]  The published false accusations tarnished plaintiff's good name and reputation.[13]

<u>Failure to Discipline Other County Employees</u>

Although plaintiff received disciplinary action, the Director of Parks was not suspended for allowing the Rangers to illegally carry guns.  The Director of Recreation and her employees were not disciplined for threatening to reveal confidential information to the press.

The Director of the Youth Intervention Center wrongfully denied benefits to numerous employees for years and was not disciplined.  The Director of Facilities was not disciplined for defying orders to put up a curtain to comply with federal ADA laws.

The Former Acting Director of Human Resources was known throughout the County to share confidential personnel information with anyone who would listen but she was not disciplined.  All of these administrators were Caucasian.[14]

---

[12]    Second Amended Complaint, at ¶¶ 30-31, 34-35.

[13]    Second  Amended Complaint, at ¶ 32.

[14]    Second Amended Complaint, at Exhibit B.

## Ms. Chan's Termination and Hearing

Defendants terminated Ms. Chan's employment as Director of Human Resources for Lancaster County.

The Lancaster County personnel manual, Policy #005, provides that "no full time employee shall be terminated except for just cause." Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.[15]

The County of Lancaster scheduled a grievance hearing concerning Ms. Chan's termination and her complaints for Friday, August 21, 2009.

Through a letter from her attorney, Nina B. Shapiro, Esquire, dated August 17, 2009, Ms. Chan informed the County that she objected to, and would not be attending, the hearing because of purported flaws in the grievance process. Specifically, Attorney Shapiro, on Ms. Chan's behalf, asserted that Ms. Chan was denied notice of the charges against her, and was denied discovery, including any reports or materials relating to her termination or an investigation prior to her termination. Ms. Chan, through Attorney Shapiro, also cited the fact that the County would not disclose its witnesses prior to the hearing, as well as Ms. Chan's inability to subpoena her own witnesses as

---

[15]     Second Amended Complaint, at ¶¶ 33, 39, 46, 49; Exhibit D.

reasons why the grievance hearing was inadequate and Ms. Chan would not attend.[16]

The Hearing Committee was comprised of three elected County officials, who were attendees at executive meetings to discuss privileged personnel issues. The Hearing Committee members lacked objectivity and had an interest in the outcome and knowledge of the grievance.[17]

Further, according to Lancaster County Policy #006, the Hearing Committee may not limit or interfere with the supervisory authority granted to department heads and may not limit or interfere with the powers of the County Commissioners or the county's other elected officials. The policy further states that "[r]eversed decisions are approved by the County Solicitor", who was also biased by an interest in the outcome.[18]

## DISCUSSION

Defendants move to dismiss plaintiff's section 1983 claims in Count I for deprivation of procedural due process and conspiracy to violate plaintiff's procedural due process and equal protection rights.

Defendants additionally move to dismiss plaintiff's claims in Counts III and IV for violations of the ADA and the

---

[16]    Second Amended Complaint, Exhibit E.

[17]    Second Amended Complaint, at ¶ 53, Exhibits E and F.

[18]    Second Amended Complaint, at Exhibit F.

PHRA to the extent these theories are based on disability retaliation and associational discrimination.

## Section 1983 Claims

Plaintiff's constitutional claims in Count I are actionable against defendants through 42 U.S.C. § 1983.

Section 1983 is an enabling statute that does not create any substantive rights, but provides a remedy for the violation of federal constitutional or statutory rights.  Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000).

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Thus, to state a claim under section 1983, a plaintiff must allege that defendant, acting under color of state law, deprived plaintiff of a federal constitutional or statutory right.  Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) (quoting Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)).

A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40, 49 (1988); Bonenberger v. Plymouth Township, 132 F.3d 20, 23 (3d Cir. 1997).

Plaintiff alleges, and defendants do not dispute, that defendants' conduct was committed under color of state law.[19]

Defendants move to dismiss plaintiff's section 1983 procedural due process and conspiracy and claims in Count I based upon the insufficiency of the factual averments in plaintiff's Second Amended Complaint. For the reasons which follow, I grant defendants' motion and dismiss plaintiff's section 1983 and conspiracy claims from Count I of the Second Amended Complaint.

Procedural Due Process

To state a section 1983 claim for deprivation of procedural due process, plaintiff must allege that: (1) she was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) the procedures available did not provide due process of law. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

Plaintiff contends that defendants deprived her of a constitutionally protected liberty interest in her reputation. Plaintiff further contends that the procedures available fell short of due process of law because "[t]he grievance hearing

_____

[19]    Second Amended Complaint, at ¶ 47.

offered to plaintiff was patently inadequate and a 'sham' ".[20]

Defendants move to dismiss plaintiff's section 1983 claim for deprivation of procedural process. Specifically, defendants contend that plaintiff was afforded adequate process in the post-termination name-clearing hearing scheduled for August 21, 2009. Defendants further contend that plaintiff's factual averments do not show that the scheduled hearing was patently inadequate or a sham so as to excuse plaintiff's refusal to participate in that hearing and permit her to state a procedural due process claim despite her refusal to participate.

In my September 23, 2011 Opinion, I held that plaintiff has stated a plausible claim that she was deprived of her liberty interest in reputation. Chan v. County of Lancaster, 2011 WL 4478283, at *9 (E.D.Pa. September 23, 2011)(Gardner, J.). Accordingly, the sole remaining issue concerning plaintiff's procedural due process claim is whether the procedure available to Ms. Chan comported with due process of law. See Alvin, 227 F.3d at 116.

"Due process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 33 (1976)(quoting Morrissey v. Brewer, 408 U.S. 471, 481,

---

[20]     Second Amended Complaint, at ¶ 53.

92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972)).  In order to

determine what process was owed, there are three factors to be

measured:

> First, the private interest that will be affected
> by the official action; second, the risk of an
> erroneous deprivation of such interest through the
> procedures used, and the probable value, if any of
> additional or substitute procedural safeguards;
> and finally, the Government's interest, including
> the function involved and the fiscal and
> administrative burdens that the additional or
> substitute procedural requirement would entail.

Mathews, 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33.

At a minimum, due process requires notice and a

hearing.  Wilson v. MVM, Inc., 475 F.3d 166, 178 (3d Cir. 2007).

Adequate process requires the opportunity to be heard

"at a meaningful time and in a meaningful manner."  Mathews, 424

U.S. at 333, 96 S.Ct. at 902, 47 L.Ed.2d at 32.

A state cannot be held to have violated due process

requirements when it has made procedural protection available and

"the plaintiff has simply refused to avail himself of them."

Alvin, 227 F.3d at 116 (citing Dusanek v. Hannon, 677 F.2d 538,

543  (7th Cir. 1982)).  In order to state a claim for failure to

provide due process, a plaintiff must have taken advantage of the

processes that are available to him or her, unless those

processes are unavailable or patently inadequate.  Id.

When a deprivation of a liberty interest in reputation

occurs, a public employee is entitled to process in the form of a

name-clearing hearing.  Hill v. Borough of Kutztown,
455 F.3d 225, 236 (3d Cir. 2006).  "A federal constitutional
claim arises not from the defamatory or stigmatization conduct
per se but from the request and denial of a name-clearing
hearing." Morgenstern v. Pennsylvania Convention Center
Authority, 2008 U.S.Dist.LEXIS 92989, at *20 (E.D.Pa. Oct. 31,
2008)(O'Neill, J.).

"The process due...is merely a hearing providing a
public forum or opportunity to clear one's name, not actual
review of the decision to discharge the employee." Rosenstein v.
Dallas, 876 F.2d 392, 395 (5th Cir. 1989)(citing Roth, 408 U.S.
at 573 n.12, 92 S.Ct. at 2707 n.12, 33 L.Ed.2d at 558 n.12)).

However, "[w]hen access to the procedure is absolutely
blocked or there is evidence that the procedures are a sham, the
plaintiff need not pursue them to state a due process claim."
Alvin, 227 F.3d at 118.

In Alvin v. Suzuki, the United States Court of Appeals
for the Third Circuit held that claims of bias in the process
offered to an employee were not sufficient grounds to show that
the process available was patently inadequate or a sham.
227 F.3d at 118.  Specifically, the Third Circuit Appeals Court
stated that "if [Mr.] Alvin failed to use the post-deprivation
procedures available to him, he cannot forego attempting to use

those processes simply because he thinks that they will be followed in a biased manner." Alvin v. Suzuki, 227 F.3d at 119.

Defendants contend that plaintiff was not denied appropriate procedural due process. The Second Amended Complaint and Exhibits E and F thereto show that, according to Lancaster County policy, a grievance hearing was scheduled for Friday, August 21, 2009. Plaintiff declined to attend the scheduled hearing.[21] Thus, defendants argue, adequate process was available to plaintiff and she failed to avail herself of the that process, thereby dooming her procedural due process claim.

In response, plaintiff does not dispute that a hearing was available to her, but instead challenges its adequacy. Specifically, plaintiff alleges that she was "denied notice and opportunity for full, fair and objective name-clearing hearing and denied opportunity to be [heard in] a 'meaningful time and meaningful manner.'"[22]

In a letter dated August 17, 2009, addressed to defendant Commissioner Douts, plaintiff's counsel, Nina B. Shapiro, Esquire, outlined the ways in which plaintiff considered the grievance hearing to be inadequate.[23] The Hearing Committee, comprised of three elected officials, attended executive meetings

_____

[21]    Second Amended Complaint, at Exhibit E.

[22]    Second Amended Complaint, at ¶ 53.

[23]    Second Amended Complaint, at Exhibit E.

to discuss privileged personnel issues, and "have an interest in the outcome and 'knowledge of the grievance.'"[24]  The August 17, 2009 letter from Attorney Shapiro was attached to the Amended Complaint and is attached to the Second Amended Complaint.

In her August 17, 2009 letter, plaintiff's counsel provided advance notice that Ms. Chan believed the hearing procedure to be inadequate and the panel to be biased, and informed the defendant commissioners that Ms. Chan would not attend the August 21, 2009 name-clearing hearing.[25]

In order to avoid dismissal of her procedural due process claim, plaintiff argues that the hearing offered to her was patently inadequate and a sham.  In support of this assertion, plaintiff avers that the hearing committee appointed by defendants "were all elected politicians that had prior knowledge/involvement, political motivations, personal interest and bias."[26]

In my September 23, 2011 Opinion, I held the averments in the Amended Complaint purporting to show the patent inadequacy of the process afforded to Ms. Chan were insufficient.  Chan, 2011 WL 4478283, at *11.  Specifically, I held that plaintiff's allegation that the Hearing Committee was insufficient based on

---

[24]     Second Amended Complaint, at Exhibit E.

[25]     Second Amended Complaint, at Exhibit E.

[26]     Second Amended Complaint, at ¶ 53(b).

the committee having prior knowledge of the grievance and political motivation interest in the outcome is not enough to establish inadequacy of process. Id.[27]

The only novel averment concerning the hearing that plaintiff offers in her Second Amended Complaint is an allegation that the hearing committee members were each elected politicians who had prior knowledge or involvement, political motivations, personal interest and bias towards her. As explained further below, this new, conclusory allegation does not remedy the previously identified deficiencies.

Similarly, plaintiff's re-asserted allegation that the Hearing Committee was biased and interested is insufficient to establish a reasonable inference that the name-clearing hearing was patently inadequate or a sham and that, as a result, plaintiff did not need to attend the hearing in order to state a claim of violation of due process.

My September 23, 2011 Order and accompanying Opinion dismissed plaintiff's procedural due process claim without prejudice for plaintiff to further amend her pleading to add factual averments which would support a reasonable inference that the name-clearing hearing was patently inadequate. Chan,

---

[27]    Plaintiff does not explain what new facts were pled in the Second Amended Complaint that would overcome the deficiencies addressed in my September 23, 2011 Opinion.

2011 WL 4478283, at *12.  The averments in plaintiff's Second Amended Complaint fail to provide sufficient additional support.

Plaintiff's Memorandum identifies paragraph 53 of the Second Amended Complaint as the averment which remedied the insufficiencies identified in my September 23, 2011 Opinion.[28]

Paragraph 53 of the Second Amended Complaint avers that the members of the Hearing Committee had personal and political interests in the name-clearing hearing which rendered the hearing patently inadequate and a sham.[29]  Paragraph 53 of the Second Amended Complaint does not aver new or additional factual material which was not provided with plaintiff's Amended Complaint.

Rather, paragraph 53 of the Second Amended Complaint re-packages the substance of paragraph 57 of the Amended Complaint and the exhibits referenced therein.  Specifically, paragraph 57 of the Amended Complaint generally averred that plaintiff's due process rights were violated and that she was not provided a meaningful opportunity to be heard. Paragraph 57 of the Amended Complaint then cited Exhibit E, which is a copy of the August 17, 2009 letter sent by Attorney Shapiro to Commissioner Douts in which Attorney Shapiro, on Ms. Chan's

---

[28]    See Plaintiff's Memorandum, at page 9.

[29]    Plaintiff's Memorandum, at page 9.

behalf, raised several objections to the then-scheduled name-clearing hearing -- including Ms. Chan's contention, which is now asserted in paragraph 53(b) of the Second Amended Complaint, that the Hearing Committee was made up of three elected county officials with an interest in the outcome of the hearing.

As discussed in my September 23, 2011 Opinion, it is presumed that a government official or government officials conducting a review or name-clearing hearing will do so in a fair and impartial manner despite the fact that the official or officials serve, or are employed by, the government entity which took the action being reviewed. Chan, 2011 WL 4478283, at *11 (quoting Harrell v. City of Gastronia, 392 Fed.Appx. 197, 205 (4th Cir. 2010)). This presumption of impartiality exists even when the presiding official or officials was or were directly involved in the challenged action. Harrell, 392 Fed.Appx. at 205.

For these reasons, I conclude that the averments in plaintiff's Second Amended Complaint fail to support a reasonable inference that the name-clearing hearing was patently inadequate and, therefore, that plaintiff fails to state a procedural due process claim upon which relief may be granted because she failed to participate in the process afforded her.

Moreover, because plaintiff was provided an opportunity to amend her pleading in accordance with my September 23, 2011

Order and accompanying Opinion and after considering the objections raised in defendants' two previous motions to dismiss, and because her additional averments nonetheless fail to state a procedural due process claim, I conclude that further amendment of plaintiff's complaint would be futile. Accordingly, I grant defendants' motion and dismiss plaintiff's procedural due process claim in Count I of the Second Amended Complaint with prejudice.

## Conspiracy

Defendants move to dismiss plaintiff's claim that defendants conspired to violate her constitutional rights under section 1983. I agree with defendants that, on the facts alleged, plaintiff has failed to state a claim for conspiracy. Accordingly, I grant defendants' motion and dismiss plaintiff's section 1983 conspiracy claim from Count I.

In order to state a claim for conspiracy pursuant to section 1983, the Second Amended Complaint must allege (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Piskanin v. Hammer, 2005 U.S.Dist. LEXIS 28135, at *11 (E.D.Pa, Nov. 14, 2005)(Padova, J.)(quoting Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000)(Reed, S.J.)).

The rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the

elements of a conspiracy: agreement and concerted action.
Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 185
(3d Cir. 2009)(quoting Crabtree v. Muchmore, 904 F.2d 1475,
1480-1481 (10th Cir. 1990)).  The pleadings must show "that two
or more conspirators reached an agreement to deprive [plaintiff]
of a constitutional right under color of law."  Parkway Garage,
Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993).

        Count I of the Second Amended Complaint alleges that
defendants conspired to deprive plaintiff of procedural due
process and equal protection of law under the Fourteenth
Amendment of the United States Constitution.

        Because, as explained previously in this Opinion,
plaintiff has not sufficiently pled a violation of her right to
procedural due process, plaintiff's claim that defendants
conspired to violate her right to procedural due process is also
dismissed.

        Additionally, plaintiff asserts that defendants
conspired to deprive her of her constitutionally protected right
to equal protection.  Defendants contend, and I agree, that
plaintiff's Second Amended Complaint contains conclusory
allegations of conspiracy without sufficient factual averments to
support a plausible claim of an agreement among the defendants.
Accordingly, as explained below, I will grant defendants' motion
and dismiss plaintiff's equal protection conspiracy claim.

Plaintiff alleges that the defendants acted "jointly and separately" in violating her rights,[30] and that they "together acted to conspire and violate plaintiff's civil rights of equal protection...."[31]  Plaintiff also alleges that "[d]efendants denied the plaintiff equal protection, equal opportunity, and equal conditions of employment."[32]  These conclusory averments are insufficient under the pleading standards set forth above.

Plaintiff has not pled sufficient facts to support the inference that "two or more conspirators reached an agreement to deprive [her] of a constitutional right under color of law." Parkway, 5 F.3d at 700.  Accordingly, I dismiss plaintiff's claim that defendants conspired to violate her constitutional rights under section 1983.

In my September 23, 2011 Opinion, I dismissed plaintiff's conspiracy claim without prejudice for Ms. Chan to re-plead her section 1983 conspiracy claim and include facts which support a reasonable inference of an agreement to violate her civil rights.  Because plaintiff was unable to plead sufficient additional facts in the Second Amended Complaint to establish a section 1983 conspiracy claim, and because I presume

---

[30]     Second Amended Complaint, at ¶¶ 36-37, 40-41.

[31]     Second Amended Complaint, at ¶ 54.

[32]     Second Amended Complaint, at ¶¶ 44 and 52.

that plaintiff would have included all additional supporting facts at her disposal to support her section 1983 conspiracy claim, I dismiss plaintiff's section 1983 conspiracy claim in Count I of the Second Amended Complaint with prejudice.

### **Disability Discrimination Claims**

Defendants seek to dismiss plaintiff's disability discrimination claims. Specifically, defendants seek to dismiss the following claims: Count III against defendant County of Lancaster for retaliation in violation of the ADA; Count IV against all defendants for disability retaliation in violation of the PHRA; Count III against defendant County of Lancaster for associational discrimination in violation of the ADA; and Count IV against all defendants for associational discrimination in violation of the PHRA.

Plaintiff correctly notes that these disability discrimination claims were asserted in plaintiff's Complaint and Amended Complaint and that defendants did not seek to dismiss these claims until they sought to dismiss the Second Amended Complaint.

Rule 12(g) of the Federal Rules of Civil Procedure prohibits a party from raising a defense or objection in a Rule 12 motion that was previously available to the party but

omitted from its earlier motion.[33]  Rule 12(g) "contemplates the
presentation of an omnibus pre-answer motion in which defendant
advances every available Rule 12 defense and objection he may
have that is assertable by motion."  McCurdy v. American Board of
Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) (quoting 5A
Charles Alan Wright and Arthur R. Miller, Federal Practice and
Procedure: Civil 2d § 1384 at 726 (1990)).

Therefore, "the filing of an amended complaint will not
revive the right to present by motion defenses that were
available but were not asserted in timely fashion prior to the
amendment of pleading."  5C Wright and Miller § 1388; see also
Rowley v. McMillan, 502 F.2d 1326, 1332 (4th Cir. 1974).

Accordingly, if the claims that defendants seek to
dismiss under Rule 12(b)(6) were alleged in plaintiff's Amended
Complaint and defendants did not seek to dismiss them in their
motion to dismiss the Amended Complaint, then defendants have
waived the ability to assert that defense to those claims under
Rule 12(b).[34]

---

[33]     Specifically, Rule 12(g) provides that "a party that makes a
motion under this rule must not make another motion under this rule raising a
defense or objection that was available to the party but omitted from its
earlier motion."

[34]     A court, in its discretion, may excuse the requirements of Rule
12(g) and consider successive Rule 12 motions to dismiss as a means of
preventing unnecessary delay.  Penn-Mont Benefit Services, Inc. V. Crosswhite,
2003 U.S.Dist. LEXIS 1345 at *19 (E.D.Pa Jan. 29, 2003)(Rufe, J.).

(Footnote 34 continued):

Here, plaintiff's Complaint, Amended Complaint and

Second Amended Complaint each contain her ADA and PHRA disability

discrimination claims. However, defendants did not seek to

dismiss these claims from the Complaint or the Amended Complaint.

Rather, defendants first challenged these after plaintiff filed

her Second Amended Complaint.[35]

Therefore, I conclude that defendants have waived the

Rule 12(b)(6) defense for failure to state a claim upon which

relief can be granted regarding the disability retaliation claim

---

(Continuation of footnote 34):

However, defendants do not offer this argument and have not set forth in their brief any reason that this court should exercise its discretion and excuse the requirements of Rule 12(g).

[35] Failure to raise an objection or defense in a motion to dismiss does not necessarily result in a permanent waiver. Although Rule 12(g) generally precludes asserting available defenses in successive motions brought pursuant to Rule 12 motions, Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at trial on the merits." Fed.R.Civ.P. 12(h)(2).

Here, defendants' motion to dismiss does not constitute a pleading as specified under Rule 7(a). Rule 7(a) of the Federal Rules of Civil Procedure specifies that

> [o]nly these pleadings are allowed:
> (1) a complaint;
> (2) an answer;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a cross claim;
> (5) a third-party complaint;
> (6) an answer to a third party complaint; and
> (7) of the court orders one, a reply to an answer

Fed.R.Civ.P. 7(a).

Nor is defendants' motion a motion for judgment on the pleadings because the pleadings have not yet closed.

and the associational discrimination claim under the ADA and
PHRA.  Consequently, defendant's motion to dismiss these claims
is denied.

## Further Amendment of the Pleadings

Plaintiff's Response contains a motion, in the
alternative, for leave to further amend the pleadings by filing a
Third Amended Complaint.

Under the Federal Rules of Civil Procedure, a plaintiff
is entitled to amend his or her complaint once; courts may grant
subsequent amendments "when justice so requires."  Fed.R.Civ.P.
15(a).  Rule 15 provides that leave to amend a complaint should
be given freely, but a district court has discretion to deny a
request to amend if (1) the moving party has demonstrated undue
delay, bad faith or dilatory motives, (2) the amendment would be
futile, or (3) the amendment would prejudice the other party.
See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (citing
Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 229, 230, 9 L.Ed.2d
222, 226 (1962)).

As discussed previously in this Opinion, I conclude
that granting plaintiff further leave to amend would be futile.
Here, plaintiff has had the opportunity to amend her complaint
twice: first, after having been placed on notice of purported
deficiencies by defendants' first motion to dismiss (which motion
was rendered moot by the parties stipulation permitting plaintiff

-35-

to file her Amended Complaint); and second, after defendants'
subsequent motion to dismiss the Amended Complaint was disposed
of by my September 23, 2011 Order and accompanying Opinion.

Because plaintiff was unable to plead specific facts in
the Second Amended Complaint to overcome the previously-
identified deficiencies, I presume that plaintiff has included in
her Second Amended Complaint all of the factual matter that she
possesses which supports her claims against defendants.

Nonetheless, as explained in this Opinion, plaintiff's
Second Amended Complaint does not include sufficient factual
matter to support certain of her claims.  Accordingly, I conclude
that further amendment of plaintiff's complaint would be
futile.[36]

## CONCLUSION

For the foregoing reasons, I grant in part and deny in
part defendants' motion to dismiss.  Specifically, I grant the
motion regarding the claim in Count I for violation of procedural

---

[36]    Furthermore, plaintiff attached her proposed Third Amended
Complaint to the motion.  Plaintiff's Third Amended Complaint purports to add
more specificity about plaintiff's protected activity on behalf of the sole
park ranger.  In the Third Amended Complaint, plaintiff requests to add that
the her protected activity with the ranger was on the basis of both sex and
disability.

However, because the defendant's motion to dismiss plaintiff's
disability discrimination claims arising from the ADA and PHRA was denied and
those claims remain in this action, further amendment to that claim is
unnecessary.  In addition, plaintiff's Third Amended Complaint fails to remedy
the deficiencies regarding her section 1983 conspiracy and procedural due
process claims which I have dismissed by the Order accompanying this Opinion.
Accordingly, plaintiff's alternative motion for leave to file an amended
pleading is denied.

due process arising from deprivation of a constitutionally protected liberty interest in reputation and for conspiracy, and dismiss this claim with prejudice.  In all other respects, defendants' motion is denied.  In addition, plaintiff's request to further amend her complaint is denied.